UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
CRYSTAL JOY L.,

                Plaintiff,        <u>DECISION AND ORDER</u>
                                      1:24-CV-07788-GRJ

       v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In January of 2022, Plaintiff Crystal Joy L.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Osborn Law, P.C., Daniel Adam Osborn, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 12).

This case was referred to the undersigned on December 10, 2025. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

No. 18). For the following reasons, Plaintiff's motion is due to be denied, and this case is dismissed.

## I. BACKGROUND

### A.     Administrative Proceedings

Plaintiff applied for benefits on January 4, 2022, alleging disability beginning June 1, 2021. (T at 15, 277).[2]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on July 11, 2023, before ALJ John Benson. (T at 29-61). Plaintiff appeared with an attorney and testified. (T at 35-45). The ALJ also received testimony from Joseph Young, a vocational expert. (T at 46-59).

### B.     ALJ's Decision

On November 15, 2023, the ALJ issued a decision denying the application for benefits. (T at 12-27).  The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2025, and had not engaged in substantial gainful activity since June 1, 2021 (the alleged onset date). (T at 17).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 17.

The ALJ concluded that Plaintiff's thyroid disorder and thyroid eye disease were severe impairments as defined under the Act. (T at 17).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 18).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: she cannot be exposed to workplace hazards, operate a motor vehicle, or work outdoors. (T at 18).  In addition, Plaintiff can only occasionally be required to use peripheral vision and near visual acuity. (T at 18).

The ALJ further found that, as of the date last insured, Plaintiff could understand and carry out simple, routine tasks, with no more than occasional workplace changes, in an environment that requires no interaction with the public and no more than occasional interaction with co-workers. (T at 22).

The ALJ concluded that Plaintiff could not perform her past relevant work as a bus driver/van driver. (T at 22).

However, considering Plaintiff's age (46 on the alleged onset date), education (limited), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform.  (T at 22-23).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between June 1, 2021 (the alleged onset date) and November 15, 2023 (the date of the ALJ's decision). (T at 24).

On August 13, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on October 14, 2024. (Docket No. 1).  On April 21, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 18, 19).  The Commissioner interposed a brief in opposition to the motion and requesting judgment on the pleadings, on June 18, 2025. (Docket No. 20).  On July 9, 2025, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 21).

4

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.     *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff offers a single challenge to the ALJ's decision.  Plaintiff argues that the ALJ's RFC determination does not adequately account for her visual limitations.

7

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis." *Melville*, 198 F.3d at 52 (quoting SSR 96-8p). When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and decide based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

Here, as noted above, the ALJ recognized Plaintiff's thyroid eye disease as a severe impairment (T at 17), but determined that she retained the RFC to perform a range of work, provided that she is not required to have exposure to workplace hazards, operate a motor vehicle, work outdoors, and more than occasionally use her peripheral vision and near visual acuity. (T at 18).

Plaintiff notes, correctly, that the ALJ's assessment of the impact of her visual impairment on her ability to perform work-related functions, does not track any one medical source opinion. The ALJ's decision, however, which affords Plaintiff the benefit of the doubt regarding her vision, is supported by substantial evidence and must therefore be sustained. *See*

*Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018)(the ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the overall assessment is supported by substantial evidence and consistent with applicable law).

Two non-examining State Agency review physicians, Dr. Periakaruppan and Dr. Abueg, opined that Plaintiff's thyroid eye disease was not a severe impairment. (T at 69, 80).  Dr. Sharon Revan performed a consultative examination in April of 2022.  She diagnosed Graves disease and opined that Plaintiff had no limitation "with her speech, vision or hearing." (T at 314).

The ALJ deemed these determinations unpersuasive, finding them inconsistent with the treatment record, which documented Plaintiff's need for prism correction to address double vision and peripheral visual problems. (T at 21).  Likewise, the ALJ credited Plaintiff's subjective complaints of eye pressure and pain. (T at 22).

Dr. Zachary Elkin, a treating ophthalmologist, reported that Plaintiff had "diplopia and restrictive strabismus due to active thyroid eye disease." (T at 377).  He opined that this would "affect [Plaintiff's] ability to drive safely," but did not provide any other work-related restrictions. (T at 377).

9

The ALJ found Dr. Elkin's assessment partially persuasive, incorporated a preclusion from operating motor vehicles into the RFC determination, and concluded that Plaintiff's vision problems prevented her from performing her past relevant work as a bus/van driver. (T at 18, 22).

Dr. Shrikant Bhamre performed a consultative eye examination in April of 2022. Dr. Bhamre diagnosed myopia/astigmatism/presbyopia; moderate cataracts; and thyroid eye disease with mild to moderate proptosis of the right eye. (T at 320). Dr. Bhamre characterized Plaintiff's prognosis as "guarded," but found the reliability of the testing performed on Plaintiff's vision "poor" because of her "questionable inattention." (T at 319).

The ALJ accepted Dr. Bhamre's conclusion that Plaintiff's performance on visual field testing was not reliable and noted Dr. Bhamre's report that Plaintiff could navigate and maneuver objects without assistance and read without difficulty. (T at 20-21).

The ALJ provided a detailed discussion of the treatment record and Plaintiff's activities of daily living, which supported the conclusion that Plaintiff's visual impairment did not preclude her from performing a range of work. (T at 19-22).

To the extent the RFC assessment differs from the medical opinion of record, the ALJ found Plaintiff *more* limited than the reviewing and

Case 1:24-cv-07788-GRJ    Document 22    Filed 01/14/26    Page 11 of 12

examining physicians believed. *See Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.")(emphasis in original)(collecting cases); *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

"Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.*

11

(citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also*

*McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is

susceptible to more than one rational interpretation, the Commissioner's

conclusion must be upheld.")(citation omitted).

Here, as discussed above, the ALJ's RFC determination is supported

by a reasonable reading of the record and appropriate reconciliation of the

medical opinion evidence.  It must therefore be sustained under the

deferential standard of review applicable here.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the

Pleadings (Docket No. 18) is DENIED and this case is DISMISSED. The

Clerk is directed to enter final judgment in favor of the Commissioner and

then close the file.

Dated: January 14, 2026          *s/ Gary R. Jones*
                                 GARY R. JONES
                                 United States Magistrate Judge

12